## SMILING v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.    April 1, 1919.)

### No. 1666.

INTOXICATING LIQUORS ⬤⟶236(1)—ILLICIT DISTILLING—SUFFICIENCY OF EVIDENCE.

    Evidence that witnesses found whisky, molasses, meal, and an iron pot containing liquid which apparently had been boiled in defendant's house, etc., *held* to sustain a conviction for illicit distilling.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

John Smiling was convicted of illicit distilling, and brings error. Affirmed.

John H. Clifton, of Sumter, S. C., for plaintiff in error.

Francis H. Weston, U. S. Atty., of Columbia, S. C. (J. Waties Waring, Asst. U. S. Atty., of Charleston, S. C., on the brief), for the United States.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

---

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

KNAPP, Circuit Judge. Plaintiff in error, herein called defendant, was convicted of illicit distilling. The record shows no objection to any testimony offered by the government and no exception to the charge to the jury. The only assignment of error is based on the refusal of the trial court to direct a verdict in his favor.

Three witnesses for the government testified in substance that they went to defendant's farm in Sumter county, S. C., to look for a whisky still, and found him plowing in a field; that he accompanied them to his house, where they found a 20-gallon iron pot on the fire, "full of stuff which looked as if it had been boiled"; that in a corner of the room was a 60-gallon barrel half full of meal and molasses, and also a 10-gallon can with some molasses in it; that two bottles of a substance which smelled like whisky, and was admitted by defendant to be whisky, were found in his bureau; that they also found a wooden tub with an auger hole which had some clay around it, and that the tub had the appearance of recent use; that as they were about to examine the contents of the pot the defendant suddenly turned it over, so that they were unable to procure a sample. Some other circumstances of like import were detailed by the witnesses.

It is enough to say without argument that this testimony was ample to justify the jury in finding a verdict of guilty. As here presented, defendant's case is wholly without merit, and the judgment must be affirmed.